IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>AMBASSADOR ADVISORS, LLC, BERNARD I. BOSTWICK, ROBERT E. KAUFFMAN, and ADRIAN E. YOUNG<br><br>    Defendants. | Case No.: 5:20-CV-02274-JMG |

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE*
FINANCIAL SERVICES INSTITUTE, INC.**

i

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

INTEREST OF AMICUS CURAIE .............................................................................................. 1

LEGAL STANDARD .................................................................................................................... 3

CONCLUSION ............................................................................................................................... 5

CERTIFICATE OF SERVICE ....................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Alexander v. Hall*,
64 F.R.D. 152 (D.S.C. 1974) ................................................................................................ 3

*Avellino v. Herron*,
991 F. Supp. 730 (E.D. Pa. 1998) ......................................................................................... 3

*Harris v. Pernsley*,
820 F.2d 592 (3d Cir. 1987)................................................................................................. 4

*Liberty Lincoln v. Ford Mktg. Corp.*,
149 F.R.D. 65 (D.N.J. 1993)................................................................................................. 3

*Liberty Res., Inc. v. Philadelphia Hous. Auth.*,
395 F. Supp. 2d 206 (E.D. Pa. 2005) .................................................................................... 3

*Newark Branch, NAACP v. Harrison*,
940 F.2d 792 (3d Cir. 1991)................................................................................................. 3

*Sciotto v Marple Newton Sch. Dist.*,
70 F. Supp. 2d 553 (E.D Pa. 1999) ....................................................................................... 3

**Other Authorities**

Oxford Economics for the Financial Services Institute, The Economic Impact of FSI's Members (2020), available at https://media.financialservices.org/wp-content/uploads/2021/03/The-Economic-Impact-of-FSI-Members-2021.pdf (last accessed July 16, 2021) .............................. 2

Petition for Rulemaking of: Financial Services Institute, American Securities Association, Competitive Enterprise Institute, and New Civil Liberties Alliance, Petition for Rulemaking to End the Commission's Backdoor Regulation of 12b-1 fees, "Petition for Rulemaking to end the Commission's Back Door Regulation of 12b-1 Fees." (April 29, 2020) available at: https://www.sec.gov/rules/petitions/2020/petn4-761.pdf (last accessed May 22, 2020)............ 2

**Rules**

Federal Rule of Appellate Procedure 29 ........................................................................................ 3

Supreme Court Rule 37................................................................................................................. 3

IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>AMBASSADOR ADVISORS, LLC, BERNARD BOSTWICK, ROBERT E. KAUFFMAN, and ADRIAN E. YOUNG,<br><br>                Defendants. | Case No.: 5:20-CV-02274-JMG |

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE*
FINANCIAL SERVICES INSTITUTE, INC.**

The Financial Services Institute, Inc. ("FSI") respectfully seeks this Court's leave to file an *amicus curiae* brief, attached hereto, in opposition to Plaintiff Securities and Exchange Commission's ("SEC") Motion for Summary Judgment against Defendants Ambassador Advisors, LLC, Bernard Bostwick, Robert E. Kauffman and Adrian E. Young (together "Ambassador") (Doc. 48).

**INTEREST OF AMICUS CURAIE**

FSI is an industry trade association whose membership is comprised of independent financial services companies most of whom are dual registered as both investment advisers and broker-dealers, and more than 33,000 independent financial advisor members who serve more than 20 million American households.[1] FSI members make substantial contributions to our nation's economy. According to Oxford Economics, FSI members nationwide contribute $35.7 billion to

---

[1] Defendants in this matter are not members of FSI. The principals of Defendant Ambassador Advisors are registered representatives with American Portfolios – a FSI member firm. Neither Ambassador Advisors nor its principals are currently FSI members.

1

the United States' national GDP.[2] This activity, in turn, supports 482,100 jobs, including direct employees, those employed in the supply chain, and those supported in the broader economy.[3]

As a membership organization, FSI frequently avails itself of the opportunity to participate in the SEC administrative process. FSI files comments on proposed rulemaking, seeks regulatory guidance on difficult interpretative issues, and otherwise helps facilitate discussion among its membership regarding achieving full regulatory compliance with applicable law. On April 29, 2020, FSI filed a Petition[4] directly with the SEC to end the SEC's backdoor regulation of the requirements applying to investment adviser recommendations of mutual funds which impose 12b-1 fees – the very issue that it seeks to bring to this Court's attention in its amicus brief.

If the SEC is successful in this action and a new standard of general applicability becomes effective—and retroactively so—without going through the formal rulemaking process, there will be widespread ramifications to the financial services industry. Through this litigation, the SEC is seeking to impose requirements that would substantially increase the operational and compliance costs of investment advisers perhaps prohibitively so, and such costs would ultimately fall on the investing public. In addition, the pricing models available for investment advisers to offer to its investors would be restricted. Further, if the new standard that the SEC is seeking to apply is

---

[2] FSI members make substantial contributions to our nation's economy. According to Oxford Economics, FSI members nationwide contribute $35.7 billion to the United States' national GDP. This activity, in turn, supports 408,000 jobs, including direct employees, those employed in the supply chain, and those supported in the broader economy, *see* Oxford Economics for the Financial Services Institute, The Economic Impact of FSI's Members (2020), available at https://media.financialservices.org/wp-content/uploads/2021/03/The-Economic-Impact-of-FSI-Members-2021.pdf (last accessed July 16, 2021).

[3] *Id.*

[4] Petition for Rulemaking of: Financial Services Institute, American Securities Association, Competitive Enterprise Institute, and New Civil Liberties Alliance, Petition for Rulemaking to End the Commission's Backdoor Regulation of 12b-1 fees, "Petition for Rulemaking to end the Commission's Back Door Regulation of 12b-1 Fees." (April 29, 2020) available at: https://www.sec.gov/rules/petitions/2020/petn4-761.pdf (last accessed May 22, 2020).

accepted by this Court, a dangerous precedent would be set for the regulated financial services industry to be subject to new requirements and changing standards at the whim of agency personnel for which adequate notice and an opportunity for comment is not provided.

FSI, on behalf of its members, has an undeniable interest in the outcome of this case, and FSI therefore requests that this Court allow it to file the attached brief to set out the reasons why the new standard of general applicability that the SEC is seeking to impose in this litigation should not be applied to Ambassador or other similarly situated investment advisers until or unless it is adopted with a full administrative record, is supported by notice and comment, and is tested by professional economic analysis.

## **LEGAL STANDARD**

While Federal Rule of Appellate Procedure 29 and Supreme Court Rule 37 provide for the filing of amicus curiae briefs, the Federal Rules of Civil Procedure lack a parallel provision regulating amicus appearances at the trial level.

"District courts have broad discretion to appoint *amicus curiae*." *Sciotto v Marple Newton Sch. Dist.*, 70 F. Supp. 2d 553, 554 (E.D Pa. 1999) (quoting *Liberty Lincoln v. Ford Mktg. Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993)). The Third Circuit has acknowledged that *amicus curiae* are useful in "cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, NAACP v. Harrison*, 940 F.2d 792, 808 (3d Cir. 1991) (*quoting Alexander v. Hall*, 64 F.R.D. 152, 155 (D.S.C. 1974) (citations omitted); *See also Liberty Res., Inc. v. Philadelphia Hous. Auth.*, 395 F. Supp. 2d 206, 209-210 (E.D. Pa. 2005) (stating that *amici* participation is appropriate to "ensure a complete and plenary presentation of difficult issues" or where "important public interests" are at stake); *See also Avellino v. Herron,* 991 F. Supp. 730, 732 (E.D. Pa. 1998) (noting that allowing amicus

briefs may be advisable where they can contribute to the court's full understanding of the issues before it) (*citing Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir. 1987)).

The proposed *amicus* brief discusses why the standard of general applicability that the SEC is seeking to impose through this litigation should go through the formal rulemaking process before it can be accepted as applicable and highlights the implications of imposing a new standard without giving the industry reasonable notice as required by law. This is a clear due process issue and the *amicus* brief argues that this Court should prevent any adjudicative ruling accepting the position the SEC is taking with regard to the general applicability of any new standard that has not gone through the formal rulemaking process.

Granting the SEC's Motion for Summary Judgment would affirm the SEC's practice of backdoor regulation through enforcement and would have huge ramifications on the investment industry. A ruling in the SEC's favor would support the SEC's attempts to create new rule outside the confines of the Administrative Procedure Act ("APA") and would effectively deny investment advisers, many of whom are FSI members, their right to participate in the typical notice-and-comment rulemaking process. FSI asks that the Court grant this motion to give voice to the securities industry on this important issue.

If accepted by this Court, FSI, on behalf of its members, is able to offer this Court a distinct perspective on the impact of how the imposition of the SEC's stated applicable standard of disclosure will impact the investment adviser industry and the general public – resulting in increased cost and decreased choice for consumers. Existing federal regulations adopted by the SEC do not impose such standards, and FSI is concerned about the conflict between the federal regulatory scheme and the imposition of the new disclosures that the SEC seeks to impose here. In addition, the way in which the SEC is attempting to impose these duties—through an

"initiative" and resulting settled orders, frequently asked question guidance, and enforcement actions rather than through the notice-and-comment rulemaking process required by the Administrative Procedure Act—imperils the securities industry's ability to comment on the benefits and burdens of proposed regulations. Such expanded duties of disclosures would have a detrimental impact on the ability of FSI's members to continue doing business nationwide.

## CONCLUSION

FSI has a special interest in ensuring that the outcome of this case does not disrupt the federal regulatory system on which investment advisers rely to manage their internal processes and procedures.  In addition, FSI has an interest in protecting the right of its members to receive notice of and to comment on any proposed regulations affecting the securities industry, as well as an interest in ensuring that its members are able to continue doing business.

Because FSI represents a large constituency of investment advisers that have a substantial interest in the outcome of this case and because FSI provides a unique perspective as to the consequences of the SEC's action that is not offered by the parties, this Court should allow FSI to participate as *amicus*. This Court should therefore grant FSI's motion for leave to file the accompanying brief because it sheds light on the potential procedural and practical harms to the securities industry threatened by this case. For the aforementioned reasons, the *amicus* respectfully requests that the Court grant its motion for leave to file the attached brief.

WHEREFORE, for the reasons stated herein and as described more fully in the attached *amicus* brief, FSI respectfully requests that the Court grant:

A.	FSI leave to file its *amicus* brief;

B.	Such further relief as the court deems just and proper.

Dated: July 19, 2021

                              Respectfully submitted,

                              **EVERSHEDS SUTHERLAND (US) LLP**

                              /s/_Kymberly Kochis
                              Kymberly Kochis (Pa. Bar No. 319846)
                              The Grace Building, 40th Floor
                              1114 Avenue of the Americas
                              New York, New York 10036
                              Phone: (212) 389-5000
                              Fax: (212) 389-5099
                              kymberlykochis@eversheds-sutherland.com

                              *Attorney for Amicus Curiae Financial Services Institute, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing brief has been filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, on this July 19, 2021.

/s/ Kymberly Kochis
Kymberly Kochis (Pa. Bar No. 319846)