IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : <br> Plaintiff, : <br> : <br> v. : <br> : <br> AMBASSADOR ADVISORS, LLC, *et al.,* : <br> Defendants. : | Civil No. 5:20-cv-02274-JMG |

**ORDER**

**AND NOW**, this 28th day of February, 2022, upon consideration of the parties' motions in limine (ECF Nos. 85, 86, 87, 88, 90, 91, 92, 93, 94, 103) and response thereto, **IT IS HEREBY ORDERED** as follows:

1. Defendants' motion to preclude evidence and references relating to certain opinions offered by Marti P. Murray (ECF No. 85) is **DENIED without prejudice** to Defendants' right to renew the objection at trial. As the Court held in resolving the parties' *Daubert* motions, Ms. Murray's testimony will be admissible so long as she "testifies as to whether Defendants' conduct comports with industry custom and practice" but will be inadmissible if she "frames her opinions as legal conclusions." ECF No. 75 at 3. And the admissibility of Ms. Murray's testimony regarding Defendants' state of mind will depend on the context in which it is made, the purpose for which it is offered, and the foundation that has been laid for it. *See, e.g.*, FED. R. EVID. 703. Accordingly, the Court cannot meaningfully address these objections until they have been sharpened by the context of trial.[1]

---

[1] In its response to Defendants' motion, Plaintiff renews its argument that, as a matter of law, a client must receive all the information relevant to a duty-breaching transaction and give consent to the transaction *before* the transaction occurs. *See* ECF No. 115 at 3–7. Although Plaintiff makes forceful arguments for its position, the Court is ultimately not persuaded to abandon the holding it reached at summary judgment. *See* ECF No. 73 at 4 n.3. To be clear, however, the Court has not held that an investment adviser may rely *exclusively* on post-transaction disclosures to

2. Defendants' motion to preclude evidence and references relating to *Daubert* rulings involving Defendants' expert Jonathan R. Macey (ECF No. 86) is **GRANTED in part and DENIED in part**.

(a) *Daubert* rulings precluding Mr. Macey from testifying on the basis that he is unqualified to be an expert or that his methods are unreliable would be probative of Mr. Macey's credibility and would, therefore, be relevant. Insofar as Defendants' motion seeks, on the basis of relevance, to preclude Plaintiff from introducing these *Daubert* rulings, the motion is **DENIED**.

(b) *Daubert* rulings prohibiting Mr. Macey from testifying because of the fit between his testimony and the case, however, have no bearing on Mr. Macey's credibility and so are not relevant. Accordingly, insofar as Defendants' motion seeks to preclude Plaintiff from introducing *Daubert* rulings of this type, Defendants' motion is **GRANTED**.

(c) Of the three *Daubert* decisions that have been brought to the Court's attention—*Robinson Mech. Contractors Inc. v. PTC Grp. Holdings Corp.*, No. 1:15-cv-77, 2017 WL 3838627 (E.D. Mo. Sept. 1, 2017); *SLSJ, LLC v. Kleban*, 277 F. Supp. 3d 258 (D. Conn. 2017); and *S.E.C. v. Wyly*, No. 10-cv-5760 (S.D.N.Y.)—Plaintiff is **PRECLUDED** from introducing or referring to any one at trial. In each case, Mr. Macey's testimony was precluded for a reason unrelated to his qualification or reliability, so these opinions have no

---

obtain a client's informed consent to a duty-breaching transaction. That issue is not presented by this case, so the Court need not address it. It is undisputed that Defendants' disclosure brochures gave their clients at least *some* notice that Defendants could receive 12b-1 fees and that such a possibility presented a conflict of interest. *See* Pl.'s Pretrial Mem. at 16, ¶ 118 (ECF No. 83).
    Accordingly, the only question before this Court is whether post-transaction disclosures may supplement pre-transaction disclosures to adequately inform a client to the point that the client could consent to an otherwise duty-breaching transaction. To that narrow question, the Court reads the Advisers Act to incorporate the common law's answer, which is "yes." *See* ECF No. 73 at 4 n.3. It will be for the jury to decide whether Defendants pre- and post-transaction disclosures, construed in light of the circumstances in which they were received, combined to adequately inform Defendants clients such that they could give informed consent to the transactions at issue.

2

relevance to this case. Plaintiff may refer to these rulings only if they somehow become relevant for impeachment purposes in light of Mr. Macey's testimony.

(d) Insofar as Defendants' motion seeks to preclude Plaintiff from referring to this Court's *Daubert* ruling, the motion is **DENIED without prejudice** to Defendants' right to renew the motion at trial. In resolving the parties' *Daubert* motions, the Court held that Mr. Macey is qualified to be an expert. ECF No. 75 at 2. The Court also held that Mr. Macey's testimony would be reliable so long as he testifies to the legal framework that shapes the investment advising industry and refrains from testifying to economic facts. Accordingly, the admissibility of this Court's *Daubert* ruling will depend on the content of Mr. Macey's testimony and the purpose for which the ruling is offered.

(e) It is also possible that the introduction of certain relevant *Daubert* rulings could cause the proceedings to devolve into "wasteful and confusing mini-trials about the facts and circumstances of the prior case in question." *Edwards Lifesciences Corp. v. Meril Life Sciences Pvt. Ltd.*, No. 19-cv-06593-HSG, 2022 WL 254348, at *6 (N.D. Cal. Jan. 27, 2022). But the Court can only determine whether that would be so when it is presented with the *Daubert* ruling in question. Accordingly, insofar as Defendants' motion seeks to preclude relevant *Daubert* rulings on the basis of Federal Rule of Evidence 403, the motion is **DENIED without prejudice** to Defendants' right to renew the objection.

3. Defendants' motion to preclude evidence and references relating to settled orders between Plaintiff and third parties (ECF No. 87) is **DENIED**. The existence of these settled orders tends to make it more likely that Defendants should have been on notice that their 12b-1 fee arrangement could violate the Advisers Act, so these orders are relevant to the issue of Defendants' state of mind. FED. R. EVID. 401, 402. Although there is some risk of unfair prejudice because the jury could confuse these settled orders for legal precedent, the Court concludes that this risk of unfair

prejudice does not substantially outweigh the settled orders' probative value on the issues of notice and state of mind. FED. R. EVID. 403. If these settled orders are introduced at trial, Defendants may request a limiting instruction to further eliminate any unfair prejudice. FED. R. EVID. 105.

4. Defendants' motion to preclude evidence and references relating to the Court's summary judgment rulings (ECF No. 88) is **GRANTED in part and DENIED in part**.

    (a) The Court's summary judgment ruling on Plaintiff's claim under § 206(4) is relevant because the Court found that Defendants had not maintained adequate written policies to safeguard their fiduciary duties, and the failure to maintain such policies tends to make it more likely that any violation of § 206(2) was at least negligent. FED. R. EVID. 401. But admitting the Court's rulings as evidence presents a substantial risk of unfair prejudice. Although the claims under § 206(2) and § 206(4) are distinct, they are still related, and a jury might be misled to believe the Court's ruling that Defendants violated § 206(4) is an authoritative suggestion that Defendants have also violated § 206(2). And the probative value of the Court's rulings is slight because Plaintiff can present other evidence of Defendants' failure to maintain adequate policies—such as the compliance manual itself and testimony that the manual does not contain the relevant policies—without cloaking that evidence with the Court's imprimatur. Accordingly, the Court **GRANTS** Defendants' motion insofar as it seeks to preclude Plaintiff from presenting the Court's summary judgment rulings in Plaintiff's case-in-chief.

    (b) Insofar as Defendants' motion seeks to preclude Plaintiff from referring to the Court's summary judgment ruling for impeachment purposes, the Court reserves decision on the motion. Counsel should be prepared to discuss this issue further at the final pretrial conference.

    (c) The Court also reserves decision on Plaintiff's request for a Rule 56(g) Order.

ECF No. 117 at 10–11. Counsel should be prepared to discuss this issue at the final pretrial conference.

5. Plaintiff's motion to preclude argument, testimony and other evidence relating to Defendants' advisory fees and harm to clients (ECF No. 90) is **GRANTED in part and DENIED in part**.

(a) Defendants' testimony that they would have increased their advisory fee had they not collected 12b-1 fees would satisfy Federal Rule of Evidence 602 because it would be based on Defendants' personal knowledge of their own prior intentions and business plans. The Court **DENIES** Plaintiff's motion insofar as it seeks to preclude Defendants from offering such testimony or argument.

(b) But Defendants have no personal knowledge about whether their clients were harmed by Defendants' decision to collect 12b-1 fees rather than charge a higher advisory fee. Any such testimony would be based on a counterfactual reality, and Defendants cannot have personal knowledge about how their clients would have reacted or what consequences would have befallen their clients in a counterfactual reality. Accordingly, pursuant to Federal Rule of Evidence 602, Plaintiff's motion is **GRANTED** insofar as it seeks to preclude Defendants from testifying that their clients were not harmed by Defendants' decision to collect 12b-1 fees.

6. Plaintiff's motion to preclude argument, testimony and other evidence relating to Defendants' reliance on a compliance consultant and others (ECF No. 91) is **DENIED**. Such testimony is relevant to the issue of whether Defendants acted intentionally, recklessly or negligently in disclosing their 12b-1 fee arrangement to their clients. While Defendants' reliance on a compliance consultant is not a defense, such reliance, if borne out by the evidence, it might tend to make it less probable that Defendants acted intentionally, recklessly or negligently in making their disclosures.

*See* Fed. R. Evid. 401, 402.

7.  Plaintiff's motion to preclude argument, testimony and other evidence relating to action or inaction by the SEC (ECF No. 92) is **GRANTED in part and DENIED in part**.

(a)  To the extent Plaintiff's motion seeks to preclude evidence and argument relating to the SEC's actions or inactions during or before the period relevant to this case—August 15, 2014 to December 31, 2018—the motion is **DENIED**. As the Court reasoned while resolving the parties' *Daubert* motions, evidence of the SEC's inaction during or before the relevant period is relevant to whether Defendants were on notice about the potential illegality of their 12b-1 fee arrangement and is, therefore, relevant to whether Defendants were at least negligent in maintaining their 12b-1 fee arrangement. ECF No. 75, 10–11. Exclusion under Federal Rule of Evidence 403 would also be inappropriate because the danger of unfair prejudice presented by this relevant evidence does not substantially outweigh its probative value.

(b)  To the extent Plaintiff's motion seeks to preclude evidence and argument relating to the SEC's actions or inactions *after* the relevant period, the motion is **GRANTED**. The SEC's actions or inactions after the relevant period could not have affected Defendants' state of mind during the relevant period, so this evidence cannot be relevant on that basis. Nor is this evidence relevant to any other issue in the case. As the Court made clear in its opinion resolving the parties' motions for summary judgment, Plaintiff brings this claim under the Investment Advisers Act itself. Because Plaintiff's claim does not rely on any SEC action that postdates the relevant period, any such action has no bearing on this case.

(c)  Further, even if this evidence were relevant, the Court would exclude it because its risk of unfair prejudice substantially outweighs its probative value. If this evidence had any probative value, it would be minimal for the reasons just elaborated. That probative value

6

would be outweighed by the substantial risk that the evidence would confuse the jury into believing the SEC was required to promulgate a rule specifically addressing 12b-1 fees before it could bring this action—a proposition the Court has already rejected as legally erroneous. *See* ECF No. 73 at 12.

    (d)    To the extent Plaintiff's motion seeks to preclude evidence and argument relating to the SEC's examinations of Defendants or Defendants' brokers during the time in which they were receiving 12b-1 fees, the motion is **DENIED**. This evidence tends to show that Defendants were not on notice that their 12b-1 fee arrangement violated the Advisers Act, which in turn suggests that Defendants were not at least negligent. The Court does not believe this evidence presents any risk of unfair prejudice that outweighs the evidence's probative value.

    (e)    To the extent Plaintiff's motion seeks to preclude evidence and argument relating to the SEC's examinations of Defendants or Defendants' brokers during times when Defendants were not receiving 12b-1 fees, the motion is **GRANTED**. Such evidence would have no bearing on whether Defendants were on notice that their 12b-1 fee arrangement could violate the Advisers Act because the 12b-1 fee arrangement would not have existed at the time of the examination. And even if such evidence were relevant, its probative value would be substantially outweighed by the risk that it would confuse the issues before the jury.

8.    Plaintiff's motion to exclude lay opinion and character testimony (ECF No. 93) is **DENIED**.

    (a)    Insofar as Plaintiff's motion seeks to preclude the introduction of evidence on the basis of the Court's Scheduling Order, the motion is **DENIED**.

    (b)    Plaintiff's objections on the basis of hearsay are **DENIED without prejudice** to Plaintiff's right to renew the objections at trial. The success of these objections will depend

on the particular evidence at issue and the circumstances in which the evidence is offered at trial.

(c) Insofar as Plaintiff's motion seeks to preclude Defendants from eliciting testimony from lay witnesses as to industry custom and practice, as to Defendants' mental state, and as to whether Defendants' advisory fees were low, the motion is **DENIED without prejudice** to Plaintiff's right to renew the objection at trial. Lay witnesses can testify to their personal experiences with technical or specialized subject matter. *See Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 81 (3d Cir. 2009). They cannot, however, offer general opinions that rely on abstractions. *United States v. Riddle*, 103 F.3d 423, 429 (5th Cir. 1997) (holding a lay witness who was a financial inspector strayed into expert testimony when he "purported to describe sound banking practices in the abstract"). Ultimately, the admissibility of Defendants' lay witnesses' testimony will depend on the foundation that is laid for the testimony, its connection to readily observable aspects of daily life, and whether the testimony sweeps beyond personal observations and into opinions about industry standards. *Id.* (concluding that Rule 701 permitted a financial inspector to "draw specific conclusions from his work on [particular] examinations" but not to make "general claims about how banks should conduct their affairs"); *see also*, 3 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 7:1 (4th ed.) ("In lay testimony, the general rule is the specific, particular, detailed, concrete, and objective is preferred over the general and conclusory and subjective."). The Court lacks adequate information about the challenged testimony and how it will take shape at trial to preemptively foreclose potential lines of inquiry and swathes of evidence.

(d) Insofar as Plaintiff's motion seeks to preclude Defendants from introducing evidence of Defendants' favorable character, reputation, good works, military service,

religious affiliation, and contributions to the community, the motion is **DENIED without prejudice** to Plaintiff's right to renew the objection at trial. The success of these objections will depend on the context in which and purpose for which this testimony is elicited at trial.

9. Plaintiff's motion to preclude Defendants from arguing they complied in good faith conformity with any SEC rule or action (ECF No. 94) is **GRANTED only in part**.

    (a) As the Court concluded in its opinion resolving the parties' motions for summary judgment, a defendant may rely on the good faith conformity defense codified at 15 U.S.C. § 80b-11(d) only if the defendant conformed his conduct to an agency action. ECF No. 73 at 11. Defendants could not have conformed their conduct to an agency action that did not exist. Accordingly, Plaintiff's motion is **GRANTED** insofar as it seeks to preclude Defendants from relying on the absence of on point agency guidance to raise a good faith conformity defense.

    (b) The Court reserves decision on whether the portion of the final rule promulgating the Form ADV instructions providing that investment advisers need not disclose the "amount or range of fees" they receive from the transactions they complete for their clients can serve as the basis of a good faith conformity defense. *See* Amendments to Form ADV, 17 CFR Parts 275, 279, Rel. No. 1A-3060 (Jul. 28, 2010) at 17. Counsel should be prepared to argue this issue at the final pretrial conference.

10. The Court reserves decision on Plaintiff's motion to preclude argument, testimony and other evidence that clients were not eligible to purchase a lower-cost share class without 12b-1 fees (ECF No. 103). Counsel shall submit to the Court via email, no later than **Tuesday, March 1**, all their relevant correspondence regarding whether Defendants contested their clients' eligibility for non-

12b-1 fee share classes during discovery. Counsel should also be prepared to discuss this correspondence and argue this issue during the final pretrial conference.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge